■ EVA M. GOGGIN, as Administratrix of the Estate of WALTER P. GOGGIN, Deceased, Respondent, v. CENTRAL HUDSON GAS & ELECTRIC CORPORATION, Defendant and Third-Party Plaintiff-Appellant. CORBETTA CONSTRUCTION

Co., INC., et al., Third-Party Defendants-Respondents.— In an action to recover damages for wrongful death and for conscious pain and suffering, alleged to have resulted from an electric shock sustained by the intestate when the boom of a crane loaded on a truck owned and operated by the intestate's employer came into contact with a high tension electric wire maintained by Central Hudson Gas & Electric Corporation, that corporation commenced a third-party action against Corbetta Construction Co., Inc., intestate's employer, and John Arborio, Inc., an alleged joint venturer with Corbetta. The third-party action was based, *inter alia*, on a claim that Corbetta and Arborio had been actively negligent. Although the amended complaint contained causes of action based upon both negligence and nuisance, the court submitted the case to the jury only on the theory of negligence (1st cause of action [wrongful death] and 3d cause of action [conscious pain and suffering]). The jury rendered a verdict in favor of the administratrix on the first cause of action and in favor of Central Hudson on the third cause of action but failed to agree with respect to the third-party action. The third-party action was severed, and a judgment was entered on the verdict with respect to the main action. Thereafter, the court dismissed the amended third-party complaint as to both Corbetta and Arborio, on their motions to dismiss said complaint and for a directed verdict made during the trial and on which the court had reserved decision. Central Hudson (as limited by its brief) appeals (1) from so much of the judgment entered on the verdict as is in favor of the administratrix and against it, (2) from an order denying a motion to set aside that verdict and for a new trial, or for other relief, and (3) from the judgment dismissing the amended third-party complaint. Judgment entered on the verdict, insofar as appealed from, affirmed, with costs. Order affirmed, without costs. Judgment dismissing the amended third-party complaint affirmed, with costs. No opinion. Murphy, Acting P. J., Hallinan and Kleinfeld, JJ., concur; Ughetta, J., concurs in the affirmance of the judgment dismissing the amended third-party complaint, but dissents from the affirmance of the judgment entered on the verdict insofar as appealed from and from the affirmance of the order denying the motion to set aside the verdict and votes (1) to reverse that judgment insofar as appealed from and to dismiss the first cause of action alleged in the amended complaint, and (2) to reverse the order and to deny the motion as academic, with the following memorandum: Corbetta and Arborio were engaged in the construction of bridges on the New York State Thruway. In connection with such work it was necessary to transport heavy construction material from the point of delivery at a railroad siding to the construction sites. It was while the intestate was engaged in this work that the crane contacted the high voltage wire. The overhead power line was in an isolated spot, and the contractors had constructed a passable roadway under the wire for their benefit. Appellant had shown safety methods to the contractors. In my view, there is no basis, under the circumstances disclosed by the record for charging appellant with liability.